767 So.2d 112 (2000)
NEW ORLEANS FIREFIGHTERS LOCAL 632, AFL-CIO; Dennis Cronan; Roger E. Brown; Gary C. Herty; and Paul Oestringer, and a Class of Similarly Situated Individuals
v.
CITY OF NEW ORLEANS; Fire Department Of The City Of New Orleans; Errol J. Williams; And William J. McCrossen.
No. 99-CA-1995.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 2000.
Writs Granted November 17, 2000.
Louis L. Robein, Jr., Robein, Urann & Lurye, Metairie, Louisiana, Attorneys for Plaintiffs/Appellees.
Jay Alan Ginsberg, New Orleans, Louisiana, Attorney for Defendants/Appellants.
Mavis Early, City Attorney for the City of New Orleans, Franz L. Zibilich, Chief Deputy City Attorney for the City of New Orleans, Annabelle H. Walker, Deputy *113 City Attorney for the City of New Orleans, New Orleans, Louisiana, Attorneys for Defendants/Appellants.
Court composed of Chief Judge ROBERT J. KLEES, Judge MIRIAM G. WALTZER, Judge JAMES F. McKAY, III.
McKAY, Judge.
On July 14, 1981, several employees of the New Orleans Fire Department and the New Orleans Firefighters Local 632 (collectively referred to as Firefighters) filed suit against the City of New Orleans and certain named public officials. The Firefighters' petition alleged that the City violated Article I, § 2 and § 4 of the Louisiana Constitution of 1974 by implementing a "use it or lose it" policy concerning the Firefighters' use of accumulated annual leave in excess of ninety days.[1]
On August 21, 1985, the Firefighters filed an amended petition and added the City Civil Service Commission and its Director of Personnel as defendants, contending that the City implemented its "use it or lose it" policy to comply with Commission rules concerning the accumulation of annual leave and that the Commission's rules violated La. R.S. 33:1996. On March 2, 1993, the Firefighters filed a second amended petition, which broadened their attack on the Commission's rules. The Firefighters contended that La. R.S. 33:1996 provides for the accrual of more annual leave per year than allowed by Commission rules, and prohibits the Commission from maintaining rules that place a ceiling on the accumulation of annual leave. Further, the Firefighters claimed that the Commission's rules violated La. R.S. 33:1992 B by providing for less frequent longevity pay increases than what is allowed by the statute.
On July 19, 1993, the trial court certified this action for class adjudication. The certification subdivided the plaintiffs into three classes. Class 1 was defined as all active and retired Firefighters who by operation of Civil Service Commission rules forfeited certain accrued annual leave under the "use it or lose it" policy. Class 2 was structured to include Firefighters who were denied the full measure of annual leave days guaranteed by R.S. 33:1996 by operation of less generous Commission rules. Class 3 was defined to cover all Firefighters deprived of annual 2 % longevity increases promised by R.S. 33:1992 B.
In March of 1999, the firefighters moved for partial summary judgment as to liability on the statutory wage and accrued leave claims. The motion came on for hearing on April 23, 1999. The trial court ordered, adjudged and decreed that there be judgment in favor of the firefighters as follows:
"1) Act No. 1066, constitutional amendment adopted 1991, be and is hereby declared to be constitutional; 2) The members of class 1 relative to annual leave accrued between 1980 and the present and which was forfeited solely by operation of New Orleans Civil Service Commission Rule 8, Sections 1.2 and 1.3 are entitled to back pay subject to a set-off and credit for those members that may have already received payment; 3) The active and formerly employed members of class number 2 who have been denied annual leave that was accrued but forfeited by virtue of this Civil Service Rule 8, Section 1.1 be and are hereby entitled to back pay and future pay subject to any payments that may have received to date; 4) The active and formerly employed members of class number 3 who were deprived of the annual 2% longevity pay increases granted by RS 33:1992 B(sic) but which was capped by Civil Service Rule 4, Section 8.1 be and the same are hereby entitled to back pay and future pay irrespective *114 of Civil Service Rule 4, Section 8.1, subject to any payments that may have been received by any members of the class;" The judgment further awarded legal interest from date of judicial demand until paid plus costs and declared that it was a final judgment pursuant to La. C.C.P. Art.1915 B(1).
The City and the Civil Service Commission appeal from this judgment and raise the following assignments of error: 1) the trial court erred in holding that the City violated La. R.S. 33:1996 by limiting the amount of unused annual leave which may be accumulated and carried over from year to year; 2) the trial court erred by ruling that La. R.S. 33:1996 forbids the Commission from placing a ceiling on the amount of annual leave that firefighters may accrue; 3) the trial court erred in holding that the City violated La. R.S. 33:1992 B; 4) the trial court erred in holding that the City violated R.S. 33:1996 in its comprehensive, uniform pay and benefits plan providing a schedule of paid vacation benefits; and 5) the trial court erred in failing to sustain an exception of prescription or estoppel by the doctrine of laches, as to all or a portion of the plaintiffs' claims.
La. R.S. 33:1996 states:
Firemen in municipalities, parishes and fire protection districts to which this Subpart applies, after having served one year, shall be entitled to an annual vacation of eighteen days with full pay. This vacation period shall be increased one day for each year of service over ten years, up to a maximum vacation period of thirty days, all of which shall be with full pay. The vacation privileges herein provided for shall not be forfeited by any member of the department for any cause. Firemen employed on January 6, 1969 shall have their present longevity considered as a factor in the computation of their vacation benefits as provided herein.
The provisions of this section shall in no way be construed to affect in any manner any presently existing system of computing vacation periods under which greater vacation benefits are granted than those provided for herein and the same shall continue in full force and effect.
Despite the clear language of this statute, the defendants implemented rules and policies that limited the amount of unused annual leave that firefighters may accumulate and carry over from year to year.
The Louisiana Supreme Court opined that "if an employer may not require an employee to sign a contract providing for forfeiture of wages upon termination or resignation, an employer can not require an employee to forfeit wages simply by enacting a policy to that effect." Beard v. Summit Institute, 97-1784 (La.3/4/98), 707 So.2d 1233, 1235. Although Beard dealt with a private employer, the same rationale applies for public employers. Our Brethren in the Third Circuit declared unlawful a school board policy requiring use of sick leave prior to termination. Picard v. Vermilion Parish School Board, 98-1933 (La.App 3 Cir. 6/23/99), 742 So.2d 589. Consequently, the trial court did not err in holding that the City violated La. R.S. 33:1996, nor did it err in holding that La. R.S. 33:1996 forbids the Commission from placing a ceiling on the amount of annual leave that firefighters may accrue.
La. R.S. 33:1992 B provides:
From and after the first day of August, 1962, each member of the fire department who has three years continuous service shall receive an increase in salary of two percent and shall thereafter receive an increase in salary of two percent for each year of additional service up to and including twenty years. Both the base pay and accrued longevity shall be used in computing such longevity pay.
In contrast, New Orleans Civil Service Commission Rule IV, Section 8.1 states: *115 Increases in salaries above the normal rate of pay as provided for elsewhere in these Rules shall be granted to employees in accordance with the conditions listed below:
(a) All employees having more than one (1) but less than five (5) years of consecutive service under current employment shall receive an additional two and one-half (2½ %) over their normal rate of pay.
(b) All employees having more than five (5) but less than ten (10) years of consecutive service under current employment shall receive an additional two and one-half (2½%) over their normal rate of pay.
(c) All employees having more than ten (10) but less than fifteen (15) years of consecutive service under current employment shall receive an additional two and one-half (2½%) over their normal rate of pay.
(d) All employees having more than fifteen (15) but less than twenty (20) years of consecutive service under current employment shall receive an additional two and one-half (2½%) over their normal rate of pay.
(e) All employees having more than twenty-five (25) years of consecutive service under current employment shall receive an additional two and one-half (2½%) over their normal rate of pay.
(f) All employees having more than twenty-five (25) years of consecutive service under current employment shall receive one (1) additional half-step for each ensuing five year segment of consecutive employment.
Commission Rule IV, § 8.1 is far less generous than La. R.S. 33:1992 B. The City by following the guidelines set by the Civil Service Commission rather than those prescribed by the Revised Statutes puts New Orleans Firefighters on an uneven footing compared with their counterparts from around the state. This seems fundamentally unfair. In New Orleans Firefighters v. Civil Service Commission of the City of New Orleans, 422 So.2d 402 (La.1982), the Supreme Court, with regard to La. R.S. 33:1992, stated: "The motive and purpose of the legislature were plainly to make effective its conception of public policy that substandard labor conditions in city, parish and other local fire departments should be eliminated as being injurious to the safety and welfare of the public as well as detrimental to the health, efficiency and morale of firefighters." at 412. Based on this standard, the trial court did not err in holding that the City violated La. R.S. 33:1992 B.
Finally, the City alleges that the trial court erred in failing to sustain an exception of prescription or estoppel by the doctrine of laches, as to all or a portion of the plaintiffs' claims.
The appropriate prescriptive period for the recovery of back wages is three years. La. C.C. Art. 3494. The period of recovery dates back three years from the date of suit. Achord v. City of Baton Rouge, 489 So.2d 1373, (La.App. 1 Cir. 1986). Courts of this state have found that the prescriptive period of ten years for personal actions under La. Civil Code Article 3499 applies to compensatory leave claims of public employees. Southerland v. Board of Trustees for State Colleges and Universities, 97-897 (La.App. 3 Cir. 4/29/98), 712 So.2d 618; Knecht v. Board Of Trustees For State Colleges and Universities and Northwestern State University, 591 So.2d 690 (La.1991). As noted in Southerland, an annual leave claim becomes exigible upon the retirement of the affected employee.
As to the City's assertion that the plaintiffs' claims should be barred by the doctrine of laches, we note that the common law doctrine of laches does not prevail in Louisiana. Picone v. Lyons, 601 So.2d 1375 (La.1992). It is to be applied in "rare and extraordinary cases." T.D. v. M.M.M., 98-0167 (La.3/2/99), 730 So.2d *116 873, 876. The purposes of this rarely applied doctrine is to prevent injustice which might occur from the enforcement of long neglected rights and to recognize the difficulty of ascertaining the truth as a result of delay. Barnett v. Develle, 289 So.2d 129 (La.1974). The doctrine "addresses itself to the evidentiary effect of delay." Id. at 139. This is not the situation we are faced with in the instant case. Related litigation has been ongoing since 1982. Accordingly, the trial court did not err in denying the defendants' exceptions of prescription and their claims of laches.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
KLEES, C.J., DISSENTS WITH REASONS.
KLEES, C.J., dissenting with reasons.
I must respectfully dissent from the majority's opinion. After a careful review of the record, I fail to find that the New Orleans Civil Service Commission rules violate either the state's minimum wage laws applicable to firefighters or the Louisiana Supreme Court's decision in New Orleans Firefighters Assoc. v. Civil Service Commission of the City of New Orleans, 422 So.2d 402 (La.1982). In my view, the Civil Service Commission rules do not conflict with the state's important interest in "set[ting] a floor under wages and a ceiling on hours" for the city's firefighters. The City's comprehensive pay and benefits plan authorizes salaries substantially higher than the state-imposed minimum and provides for longevity pay increases. Although the longevity increases do not mirror those provided for in the state statute, the overall salaries are not substandard or violative of state statute. Further, the City's plan provides for adequate paid vacation benefits. I find nothing in the state statute requiring a municipal employer to allow firefighters to accumulate unused vacation days. I disagree with the majority opinion that holds that this limitation on accumulation of unused annual leave amounts to a forfeiture of wages. I believe that the trial court erred in granting summary judgment in favor of plaintiffs on these issues. For these reasons, I would reverse the trial court's judgment and remand the case for further proceedings.
NOTES
[1] Specifically, the Firefighters contended that the City unconstitutionally denied their due process and took their property by not allowing them to use accumulated annual leave in excess of ninety days before those days were lost after December 31, 1980.