788 So.2d 1166 (2001)
NEW ORLEANS FIREFIGHTERS LOCAL 632 et al.
v.
The CITY OF NEW ORLEANS et al.
Nos. 2000-C-1921, 2000-C-2041.
Supreme Court of Louisiana.
May 25, 2001.
*1167 Jay A. Ginsberg, New Orleans, Counsel for Applicant (No. 2000-C-1921).
Mavis S. Early, Annabelle H. Walker, Franz L. Zibilich, New Orleans, Counsel for Applicant (No. 2000-C-2041).
Louis L. Robein, Jr., Metairie, Mavis S. Early, Annabelle H. Walker, Franz L. Zibilich, New Orleans, Richard P. Ieyoub, Angie R. LaPlace, Baton Rouge, Counsel for Respondent (2000-C-1921).
Louis L. Robein, Jr., Metairie, Jay A. Ginsberg, New Orleans, Richard P. Ieyoub, Angie R. LaPlace, Baton Rouge, Counsel for Respondent (2000-C-2041).
LEMMON, Justice.[*]
In this ongoing litigation between the New Orleans Firefighters Local 32 and the City of New Orleans, the principal issues presently before this court are whether the Fireman's Minimum Wages and Maximum Hours Law, La.Rev.Stat. 33:1991-1999, are violated (1) by the "use it or lose it" policy in the Rules of the New Orleans Civil Service Commission regarding the accumulation of annual leave, or (2) by the Rules of the Commission regarding longevity pay increases.

Facts
In 1981, the Firefighters filed a class action against the City and certain City *1168 officials, and later joined the Commission and its Director. The action primarily challenged Commission Rule VIII, § 1.2, which established a "use it or lose it" policy concerning the Firefighters' use of accumulated annual leave in excess of ninety days (or forty-five days depending on the date of hire of the particular fireman). The Firefighters contended that the City's implementation of the "use it or lose it" policy violated La.Rev.Stat. 33:1996, which provides for entitlement to annual vacation days and further provides that "[the] vacation privileges herein provided shall not be forfeited by any member of the department for any cause...."
Subsequently, the Firefighters again amended their petition to assert (1) that La.Rev.Stat. 33:1996 provides for accrual of more annual leave per year than allowed by Commission Rule VIII, § 1.1, and (2) that the Commission Rule IV, § 8.1 provides for less frequent longevity pay increases than is required by La.Rev.Stat. 33:1992B. In this respect, the Firefighters also claimed that Commission Rule IV, § 8.1 fails to consider their actual salary (base pay plus accrued longevity) in the computation of longevity pay increases.
After lengthy preliminary proceedings, the trial court on July 19, 1993 certified the class action, dividing plaintiffs into three classes. Class One consisted of all active and retired Firefighters who forfeited accrued annual leave under the "use it or lose it" policy. Class Two consisted of all Firefighters who were denied the full measure of annual leave days. Class Three consisted of all Firefighters who were deprived of the full longevity pay increases.
Thereafter, the Firefighters moved for partial summary judgment on the issue of liability. The City responded with several constitutional and statutory arguments.[1]
In April 1999, the trial court rendered a partial summary judgment in favor of the Firefighters, ruling that (1) the members of Class One, who forfeited accrued annual leave by operation of Commission Rule VIII, §§ 1.2 and 1.3, were entitled to back pay and future pay, subject to any applicable set-off and credit; (2) the members of Class Two, who were denied their full annual leave entitlement because of Commission Rule VIII, § 1.1, were entitled to back pay and future pay, subject to a credit for any payments they may have received; and (3) members of Class Three, whose annual longevity pay increases were limited by operation of Commission Rule IV, § 8.1, were entitled back pay and future pay, subject to a credit for any payments they may have received. The court certified the judgment for immediate appeal pursuant to La.Code Civ. Proc. art. 1915B(1).
On appeal, the court held that defendants, despite the clear language of La. *1169 Rev.Stat. 33:1996, implemented rules and policies that impermissibly limited the amount of annual leave that Firefighters may accumulate and carry over from year to year. 99-1995 (La.App. 4th Cir.6/7/00), 767 So.2d 112, 114. The court further held that La.Rev.Stat. 33:1996 prohibits the Commission's placing a ceiling on the amount of annual leave Firefighters may accrue. Additionally, the court held that Commission Rule IV, § 8.1 is far less generous than La.Rev.Stat. 33:1992B, and violates that statute.
We granted certiorari to review the rulings below. 00-1921 c/w 00-2041 (La.11/17/00), 774 So.2d 152.

Amount of Annual Leave
La.Rev.Stat. 33:1996[2] provides that a covered fireman, after one year of service, is entitled to eighteen vacation days annually with full pay. After ten years, the number of annual vacation days increases one day for each additional year of service, up to a maximum of thirty days per year.
Commission Rule VIII, § 1.1[3] provides that a covered City employee can accrue up to thirteen annual leave days in years one to four, up to sixteen days in years five to nine, and an additional three days for each five-year period thereafter, up to a maximum of twenty-five days of annual leave.
When the statute and the Rule are compared, it is evident that the Rule restricts firemen to accruing less leave at a slower rate than the statute. Under the 1982 decision in New Orleans Firefighters, supra, the Civil Service Commission's power to adopt uniform pay scales must yield to the Legislature's plenary power to enact a law providing minimum wages for firemen. Accordingly, the Commission Rule must yield to the Revised Statute in the areas where the two are in conflict.
We conclude that the lower courts correctly recognized the Firefighters full annual leave entitlement under La.Rev.Stat. 33:1996.

*1170 Forfeiture of Accumulated Annual Leave

Commission Rule VIII, § 1.2[4] provides that accumulated annual leave shall be carried forward to the succeeding year, but sets a limit on the number of leave days that may be carried forward. The Firefighters contend that this limitation on the accumulation of annual leave days violates La.Rev.Stat. 33:1996, which not only provides for entitlement to a specified number of annual vacation days, but also mandates that "vacation privileges" shall not be forfeited for any cause. The Firefighters argue that this statute permits firemen to accumulate an unlimited number of days of annual leave which may not be forfeited.
On the other hand, the City contends that La.Rev.Stat. 33:1996 does not address the accumulation of annual leave, but merely awards firemen a minimum number of days of annual leave.
La. Rev. Stat 33:1996 requires that firemen covered by the Act be given "annual vacation" days "with full pay," up to a specified maximum number of days, and prohibits the forfeiture of "vacation privileges ... for any cause." The term "vacation privileges," referring to the statutory guarantee which cannot be forfeited, means that a fireman cannot be denied the right to earn and to use the statutory amount of vacation days earned each year. Moreover, a fireman who is separated from employment in a given year must be paid for the vacation benefits he or she has earned as compensation for services already rendered, even if the fireman was discharged for the most serious cause imaginable. See Beard v. Summit Institute, 97-1784 (La.3/4/98), 707 So.2d 1233 (an employer cannot require an employee to forfeit earned wages simply by enacting a policy to that effect).
Commission Rule VIII, § 1.2 does not violate the terms or the intent of the statute. The statutory guarantee is that firemen be allowed to earn and to use a minimum number of vacation days each year. The Rule, while allowing earned vacation days to be carried forward to a succeeding year, simply places a reasonable limitation on the period of time within which earned vacation days must be used.[5] The Rule thus denies a fireman the right to earn vacation days in one year at one salary and then to demand payment for those vacation days fifteen years later at a higher salary, but the Rule does not require forfeiture of earned vacation days which the fireman has been given a reasonable opportunity to use. A ceiling on the number of vacation days a fireman may carry forward is not, in itself, a forfeiture of earned vacation days, unless the fireman was denied the opportunity to use those earned vacation days.
Moreover, the Rule does not violate this court's 1982 decision in New Orleans Firefighters, supra, which held that enforcement of the statute providing for supplemental salary for firemen in combination with their minimum wages did not conflict with the Civil Service Commission's constitutional rulemaking authority. Nor does *1171 the Rule create a labor condition for firemen that is "injurious to the safety and welfare of the public as well as detriment to the health, efficiency and morale of the firefighters," which was a significant concern of the 1982 decision. Id. at 412. Indeed, the stockpiling of vacation days not only is a right on which the terms of the statute are silent, but also runs counter to the rest, renewal and recreation purpose of vacation days as an employment practice.
We conclude that La.Rev.Stat. 33:1996 does not either grant or deny firemen the right to carry forward earned vacation days to future years. The statute simply is silent on the issue and therefore is not in conflict, on its face, with Commission Rule VIII, § 1.2.
Nevertheless, the City arguably cannot require work conditions or undermanned schedules for firemen that prevent them from using their accrued leave each year, as such conduct by the City could constitute an impermissible forfeiture of vacation privileges. Since the matter is presently before us on a summary judgment that we are reversing in part, this issue can be addressed at the trial on the merits.

Longevity Pay Increases
La.Rev.Stat. 33:1992A[6] establishes a minimum monthly salary for firemen of $400, and Section 1992B[7] mandates that every fireman with three years of continuous service shall receive a two percent salary increase for each year of additional service up to twenty years. On the other hand, Commission Rule IV, § 8.1[8] provides for salary increases for employees, with over one year of service, of two and one-half percent approximately every five years. Thus, the Rule's longevity pay increases *1172 are less frequent than statutorily required, resulting in most cases in a lesser actual salary than if the statutory increases were implemented.[9]
The City contends that the statutory scheme, providing for a minimum salary and longevity increases, must be viewed as a whole. The City argues that the Firefighters receive a base salary greatly in excess of $400, and that the base salary plus the longevity increases provided in the Rule compensate the Firefighters well above the minimum level required by law.
Rule IV, § 8.1 clearly violates La.Rev. Stat. 33:1992B, which by its terms is applicable to "each member of the fire department" and not only to those who are paid the statutory minimum salary. The City simply chose to disregard the statute that clearly mandates the amount and frequency of longevity pay increases for all firemen, and to justify this conduct on the basis that the City pays higher than minimum base salaries. This court cannot allow the statute to be disregarded, and the City's recourse rests with the Legislature.

Decree
For these reasons, the summary judgments of the lower courts are reversed as to back pay and future pay that were held to be forfeited by operation of Commission Rule VIII, § 1.2, and that portion of the motion for summary judgment is denied. In all other respects, the summary judgments of the lower courts are affirmed.
NOTES
[*] Justice Harry T. Lemmon, retired, participated in the decision which was argued prior to his retirement.

Judge Anne Lennan Simon sitting as Justice Ad Hoc for Associate Justice Bernette J. Johnson, recused.
[1] The arguments by the City and the Commission that the Louisiana Constitution prohibits the application of the Firemen's Minimum Wages and Maximum Hours Law to the City of New Orleans were raised and rejected in New Orleans Firefighters Assoc. v. Civil Serv. Comm'n of the City of N.O., 422 So.2d 402 (La.1982), which held that La. Const. art. VI, § 14 expressly reserved to the Legislature the authority to establish statewide rules providing for minimum wages and working conditions for firemen. Noting further that the "plenary legislative power to adopt laws providing for minimum wages and working conditions of municipal firemen does not yield to the Commission's constitutional power to adopt uniform pay plans," id. at 411, this court held that the firemen's wage laws were not "an attempt by the legislature to fix salaries or amend a civil service pay plan but ... [were] a good faith effort to set a floor under wages and a ceiling over hours pursuant to a consistent statewide public policy." Id. at 414.

In granting certiorari in the present case, this court limited briefing and argument to the other issues, and now declines to revisit the 1982 decision.
[2] La.Rev.Stat. 33:1996 provides in pertinent part:

Firemen ... after having served one year, shall be entitled to an annual vacation of eighteen days with full pay. This vacation period shall be increased one day for each year of service over ten years, up to a maximum vacation period of thirty days, all of which shall be with full pay.
[3] Commission Rule VIII, § 1.1 provides:

Annual leave with pay shall be earned on a bi-weekly basis by all employees appointed subsequent to December 31, 1978, except for Emergency, Transient, or other employees paid at special rates of pay in accordance with Rule VI, Section 4.1. The accrual rate for eligible employees shall be .5 of a work day for each bi-weekly accrual period. Part time employees accrue bonus leave days in proportion to time worked. Annual leave with pay shall be earned on a bi-weekly basis by all employees on the payroll as of December 31, 1978, except for Emergency, Transient, or other employees paid at special rates of pay in accordance with Rule VI, Section 4.1. The accrual rate for eligible employees shall be .6923 of a work day for each bi-weekly accrual period, except for uniformed police personnel whose accrual rate shall be .8077 of a workday for each bi-weekly accrual period.
. . .
(c) Each employee appointed subsequent to December 31, 1978 shall be granted, on January 1 of each year, additional days of annual leave (termed bonus vacation days) as follows:
Three (3) bonus vacation days per year for employees with five through nine calendar years of continuous service.
Six (6) bonus vacation days per year for employees with ten through fourteen calendar years of continuous service.
Nine (9) bonus vacation days per year for employees with fifteen through nineteen calendar years of continuous service.
Twelve (12) bonus vacation days per year for employees with twenty or more calendar years of continuous service....
[4] Commission Rule VIII, § 1.2 provides:

On December 31 of each year the accumulated annual leave of all employees hired before January 1, 1979 shall be carried forward to the succeeding year, provided that accumulated annual leave carried forward shall not exceed ninety (90) leave days.
On December 31 of each year the accumulated annual leave of all employees hired after December 31, 1978 shall be carried forward to the succeeding year, provided that accumulated annual leave carried forward shall not exceed forty-five (45) leave days.
[5] Since 1954, Rule VIII has limited the number of unused vacation days a fireman can accumulate to ninety. In 1979, the number was lowered to forty-five.
[6] La.Rev.Stat. 33:1992A provides:

The minimum monthly salaries of firemen [covered by the Act] shall be in accordance with the following schedule, and such salaries shall be paid semi-monthly not later than the fifth and twentieth day of each calendar month:
(1) A fireman shall receive a minimum monthly salary of four hundred dollars per month....
[7] La.Rev.Stat. 33:1992B provides:

From and after the first day of August, 1962, each member of the fire department who has had three years continuous service shall receive an increase in salary of two percent and shall thereafter receive an increase in salary of two percent for each year of additional service up to and including twenty years. Both the base pay and accrued longevity shall be used in computing such longevity pay.
[8] Commission Rule IV, § 8.1 provides:

Increases in salaries above the normal rate of pay as provided for elsewhere in these Rules shall be granted to employees in accordance with the conditions listed below:
(a) All employees having more than one (1) but less than five (5) years of consecutive service under current employment shall receive an additional two and one-half (2½%) over their normal rate of pay.
(b) All employees having more than five (5) but less than ten (10) years of consecutive service under current employment shall receive an additional two and one-half (2½%) over their normal rate of pay.
(c) All employees having more than ten (10) but less than fifteen (15) years of consecutive service under current employment shall receive an additional two and one-half (2½ %) over their normal rate of pay.
(d) All employees having more than fifteen (15) but less than twenty (20) years of consecutive service under current employment shall receive an additional two and one-half (2½%) over their normal rate of pay.
(e) All employees having more than twenty-five (25) years of consecutive service under current employment shall receive an additional two and one-half (2½%) over their normal rate of pay.
(f) All employees having more than twenty-five (25) years of consecutive service under current employment shall receive one (1) additional half-step for each ensuing five year segment of consecutive employment.
[9] The increases under the Rule also are calculated only on base salary, rather than on base salary plus accrued longevity pay required in the calculation under La.Rev.Stat. 33:1992B.