Dear Mr. Wattigny:
This office is in receipt of your request for an opinion of the Attorney General in regard to the annual and sick leave policy of the City of New Iberia Municipal Civil Service Board.
You indicate the City of New Iberia is governed by a charter and the situation in question rises out of an administrative denial of an employee's request for annual leave.
You relate that your civil service rules provide for annual leave as follows:
 Annual leave is not cumulated from calendar year to calendar year, however, 5 days of unused annual leave may be carried forward to the succeeding year.
 Any unused annual leave in excess of that which can be carried forward shall be credited to the employee's sick leave balance.
In this matter you state that the employee asserts that he is forced to convert annual leave to sick leave, and maintains that annual leave is a property right, making the present rule unconstitutional.
However, members of your board note that Wyatt vs. AvoyellesParish School Board, 831 So.2d 906 (La. 2002), and opinions of this office appear to allow the governing authority to make such rules as long as the rules conform to the requirements imposed by the Louisiana Constitution. In the Wyatt case the Louisiana Supreme Court determined that a School Board could have a "use it or lose it" vacation policy."
Accordingly, you ask whether the City of New Iberia can limit the amount of unused annual leave to carry forward, and whether the City can convert excess annual leave to sick leave without the employee's consent.
The issue in New Orleans Firefighters Local 632 v. NewOrleans, 788 So.2d 1166 (La. 2001) involved the city civil service commission rule that restricted the number of vacation days firefighters could carry forward from year to year. The firefighters contended that the limitations of the accumulation of annual leave days violated R.S. 33:1996
which provides for entitlement to a specified number of annual vacation days and mandates that "vacation privileges" shall not be forfeited for any cause.
The court found that "vacation privileges" means that a fireman cannot be denied the right to earn and use the statutory amount of vacation days earned each year, and a fireman separated from employment in a given year must be paid for the vacation benefits for services already rendered.
The court further stated that the Rule, while allowing earned vacation days to be carried forward to a succeeding year, simply places a reasonable limitation on the period of time within which earned vacation days must be used, and it was concluded, "A ceiling on the number of vacation days a fireman may carry forward is not, in itself, a forfeiture of earned vacation days, unless the fireman was denied the opportunity to use those earned vacation days."
Moreover, as you note in Wyatt v. Avoyelles Parish SchoolBoard, 831 So.2d 906 (La. 2002, the Louisiana Supreme Court ruled, "Thus, the Board's `use it or lose it policy' * * * is a lawful employment policy", having observed that its annual leave policy simply disallows accumulation of unused annual leave such that the loss of any unused annual leave on a yearly basis is due to the employee's conscious failureto timely utilize his annual leave. Emphasis added.
It appears under the provisions in question there was no denial of annual leave but, as stated hereinabove, simply placing reasonable limitations on the period of time within which earned vacation days must be used and the amount that can be carried over.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERNAL
 BY: ______________________________ BARBARA B. RUTLEDGE Assistant Attorney General
CCF., JR./bbr