MOORE, J.
| Julius B. Ellerbe and Nolan B. Harrell appeal a summary judgment that rejected their claim against the Ouachita Parish Police Jury for the payment of a portion of annual leave they had accumulated when they retired from the Ouachita Parish Fire Department. For the reasons expressed, we affirm.

Factual and Procedural Background

On March 31, 2006, Ellerbe and Harrell retired from the fire department with 31 and 29 ⅜ years of service, respectively. At the time, the men had been on extended sick leave during which they accrued annual leave of 720 and 696 hours respectively. However, the police jury paid them each for only 320 hours of annual leave, pursuant to the Ouachita Parish Personnel Manual, § 6.2 I (effective March 23, 2006), which stated, “Employees who terminate/retire shall be paid for any annual leave to their credit at the time of separation, subject to the maximum of three hundred twenty (320) hours.” In addition, the Working Agreement between the police jury and the International Association of Firefighters, Local 1694 AFL-CIO, § XX “Vacations” (effective 2003) stated, “As per Ouachita Parish Police Jury Policy, staff personnel shall be allowed to accrue unused [sic] annual vacation subject to the state maximum amount.”
Ellerbe and Nolan filed this suit in February 2007, alleging that under a special statute, La. R.S. 33:1996, firemen’s vacation privileges “shall not be forfeited by any member of the department for any cause.” They demanded payment for their remaining hours of annual leave, with penalty wages for failure to pay within 15 days of separation, as required by |2La. R.S. 23:631 B.
The claimants moved for summary judgment. They conceded that the Personnel Manual and the Working Agreement limited them to 320 hours, but argued that R.S. 33:1996 nullified this limit. In support they cited a series of cases from New Orleans. New Orleans Firefighters Ass’n v. Civil Service Comm’n, 422 So.2d 402 (La.1982) (“Firefighters I”), held that under the 1974 Constitution, the legislature had “plenary power” to enact laws providing for the wages of firefighters, so an overtime statute overrode a civil service rule limiting overtime. New Orleans Firefighters Local 632 v. City of New Orleans, 2000-1921 (La.5/25/01), 788 So.2d 1166 (“Firefighters II ”), held that R.S. 33:1996 superseded a civil service “use it or lose it” rule with respect to accumulated annual leave in excess of 90 days. New Orleans Firefighters Local 632 v. City of New Orleans, 99-1995 (La.App. 4 Cir. 6/7/00), 767 So.2d 112 (“Firefighters III”[1]), held that R.S. 33:1996 superseded the same civil service rule under which if a firefighter was injured on the job and had to take sick leave, he lost the option to take “casual annual leave.” The claimants also offered their own depositions, stating that they accrued all this annual leave while on sick leave for work-related conditions, and were thus unable to use the leave. They de *1211 manded judgment for past due wages of $6,538.64 (Ellerbe) and $5,980.46 (Harrell), plus equal amounts as wage penalties.
|sThe police jury filed its own motion for summary judgment, urging a straight application of the Personnel Manual and Working Agreement. It argued that Firefighters III was factually inapposite, in that the New Orleans civil service rule at issue prohibited any carryover from one year to the next, whereas the Personnel Manual imposes “a rather liberal ‘cap’ on accrual.” In addition, Firefighters I & II were inapposite because the civil service rule therein was a unilateral limit on leave time, and opposed by the union, whereas the Working Agreement was-the product of negotiation between the union and the police jury, and had been imposed voluntarily in exchange for other employment benefits greater than those required by law. The police jury argued that having reaped these enhanced benefits, the claimants could not now reject their collective bargaining agreement. The police jury sought dismissal.
After a hearing in April 2011, the district court rendered written reasons granting the police jury’s motion. After quoting R.S. 33:1996 and the operative portions of the Personnel Manual and Working Agreement, the court found the latter were in effect when the claimants retired. The court found the Firefighters cases inapplicable, as here the union negotiated for the stated benefit; further, the Personnel Manual placed no limit on accrual of benefits, only on payment after retirement. By separate written ruling, the court denied the claimants’ motion for summary judgment.

The Parties’ Positions

The claimants have ' appealed, raising one assignment of error: the court erred as a matter of law in granting the police jury’s motion for ^summary judgment. They cite the applicable portions of the Personnel Manual and the Working Agreement, but argue that R.S. 33:1996 supersedes them. They reiterate their discussion of Firefighters I, II & III, arguing that these cases collectively show the supremacy of the anti-forfeiture statute. Also, because the claimants were on sick leave due to work-related injuries, they could not simply use their annual leave, thus making the 320-hour limit a forfeiture condemned by Firefighters II & III. They also cite the Working Agreement, § III “Existing Laws Effective,” by which the parties “understood and agreed that all such [state] laws shall be the criteria for determining minimum standards and shall in no way be construed to affect any greater benefit as may be mutually agreed upon.” They contend that this constituted an explicit acceptance of R.S. 33:1996. Finally, they argue that the police jury’s reliance on an unenforceable Personnel Manual was not a good faith, non-arbitrary defense, so penalty wages were activated under La. R.S. 23:632. They seek reversal of the police jury’s summary judgment, judgment in their favor for $41,846.54 (El-lerbe) and $40,336.16 (Harrell), and attorney fees.
The police jury responds that the claimants accrued all their -annual leave while they were on sick leave, so their claim is governed by the Working Agreement. First, neither R.S. 33:1996 nor Firefighters III addressed the claimants’ precise position, so the 320-hour cap on payoff for accrued annual leave does not violate the statute. Second, Firefighters II expressly recognized the municipality’s right to place a “reasonable limitation” on the accrual of unused leave. Third, the statute does not |fiprohibit the parties from collectively bargaining to limit one benefit in exchange for another, enhanced benefit. Finally, the police jury urges the penal provisions of *1212 R.S. 23:631-632 do not apply, as its reliance on the 320-hour cap was not arbitrary.

Discussion

Title 33, Chapter 4, Subpart B (La. R.S. 33:1991-1999), regulates the minimum wages and maximum hours of firefighters. For example, La. R.S. 33:1992 fixes minimum salaries for firefighters in various ranks. The supreme court has held that R.S. 33:1992 is a valid exercise of the' legislature’s plenary power under La. Const. Art. 6, § 14, to provide for the minimum wages and working conditions of firefighters; it “must be accepted” by any civil service commission subject to the statute. Firefighters I, supra at 406.
Firefighters’ annual vacation is governed by La. R.S. 33:1996, which provides in pertinent part:
Firemen in municipalities, parishes and fire protection districts to which this Subpart applies, after having served one year, shall be entitled to an annual vacation of eighteen days with full pay. This vacation period shall be increased one day for each year of service over ten years, up to a maximum vacation period of thirty days, all of which shall be with full pay. The vacation privileges herein provided for shall not be forfeited by any member of the department for any cause. * * *
In Firefighters II, the supreme court held that a civil service commission rule purporting to limit annual leave to 13 days for the first four years, with graduated increases up to a maximum of 25 days, violated R.S. 33:1996 and “must yield to the Legislature’s plenary power to enact a law providing minimum wages for firemen.” Id. at 5, 788 So.2d at 1169.
| fiThe supreme court further held in Firefighters II that R.S. 33:1996 was silent as to the accumulation of annual leave. The civil service commission rule at issue allowed firefighters to carry forward either 90 or 45 days’ accumulated annual leave, depending on their date of hire. The court found that this limitation did not amount to a forfeiture of vacation privileges:
Commission Rule VIII, § 1.2 does not violate the terms or intent of the statute. The statutory guarantee is that firemen be allowed to earn and to use a minimum number of vacation days each year. The Rule, while allowing earned vacation days to be carried forward to a succeeding year, simply places a reasonable limitation on the period of time within which earned vacation days must be used. * * * The Rule thus denies a fireman the right to earn vacation days in one year at one salary and then to demand payment for those vacation days fifteen years later at a higher salary, but the Rule does not require forfeiture of earned vacation days which the fireman has been given a reasonable opportunity to use. A ceiling on the number of vacation days a fireman may carry forward is not, in itself, a forfeiture of earned vacation days, unless the fireman was denied the opportunity to use those earned vacation days.
Firefighters II, at 6-7, 788 So.2d at 1170 (emphasis added).
The claimants argue that in Firefighters III, the Louisiana Fourth Circuit held that R.S. 33:1996 “forbids the Commission from placing a ceiling on the amount of annual leave that firefighters may accrue.” However, in light of the Louisiana Supreme Court’s holding quoted above, we consider this portion of Firefighters III to be reversed by Firefighters II.
The Personnel Manual, § 6.2, states:
H. Employees shall be permitted to carry accrued annual leave forward from year to year.
*1213 I. Employees who termmate/retire shall be paid for any annual leave to their credit at the time of separation, subject to the maximum of three hundred twenty (320) hours.
17This system explicitly allows firefighters to carry over annual leave from year to year, subject to the reasonable limitation recognized in Firefighters II. The 320-hour (40-day) cap is reasonable because, as the supreme court recognized, it relieves the fire department from having to pay, at today’s higher rate, hours accrued perhaps 15 years earlier. It is also not significantly shorter than the 45-day cap approved in Firefighters II.
The other proviso of Firefighters II is that a cap on carryover years is not a forfeiture “unless the fireman was denied the opportunity to use those earned vacation days.” Both claimants testified that they accrued all the annual leave they are now claiming while they were on sick leave for work-related injuries. There is no showing that they would be able to “use” vacation time while on extended sick leave.
Moreover, we find that Personnel Manual’s treatment of accumulated annual leave is the result of negotiation between the firefighters, their union and the police jury. In a subsequent installment of the New Orleans litigation, New Orleans Firefighters Local 632 v. City of New Orleans, 2003-1281 (La.App. 4 Cir. 5/26/04), 876 So.2d 211, writs denied, 2004-1590, 2004-1601, 2004-1604 (La.11/15/04), 887 So.2d 475, 476 (“Firefighters IV”), the court held that because a similar system had “the approval of the union and its members[,]” the plaintiffs “cannot now claim that a system they agreed to is inequitable.” Id. at 39, 876 So.2d at 236. This holding applies a fortiori here, where the Personnel Manual allows the generous accrual of annual leave while the claimant is drawing extended sick leave.
| sSimply put, the Personnel Manual and Working Agreement do not constitute a forfeiture of annual vacation under R.S. 33:1996 and do not impose an unreasonable restriction on the accrual of vacation time under Firefighters II. The police jury is entitled to judgment as a matter of law.
Finally, the claimants have requested penalty wages and attorney fees under La. R.S. 23:632. However, the police jury did not rely on an unlawful company policy or assert arbitrary defenses to avoid its wage obligation; penalty wages and attorney fees are not warranted. Beard v. Summit Inst, of Pulmonary Med., 97-1784 (La.3/4/98), 707 So.2d 1233; Hattaway v. Health Paradigm LLC, 45,047 (La.App. 2 Cir. 3/3/10), 31 So.3d 1176, writ denied, 2010-0691 (La.5/28/10), 36 So.3d 251.

Conclusion

For the reasons expressed, the judgment is affirmed. All appellate costs are assessed against the claimants, Julius B. Ellerbe and Nolan B. Harrell.
AFFIRMED.

. The claimants have consistently referred to this case as Firefighters III although it was rendered almost a year earlier than Firefighters II and was, in fact, reversed in part by the supreme court in Firefighters II, as we discuss below.