WARD, Judge.
In 1979, the New Orleans Firefighters Association and several of its members filed a class action against the City of New Orleans and its Civil Service Commission, seeking by declaratory judgment and mandamus to have State supplemental pay included in the computation of the firefighters’ overtime wages. From a 1980 judgment in favor of the Association, the City appealed, as it later appealed a 1983 judgment which ordered computation and payment of back overtime due the firefighters.[1] The present appeal is the third by the City in this litigation, the issues now being procedural except for a question of the retroactivity of a provision the 1983 Civil Service Commission uniform pay plan. Although the decisions by this Court and the Supreme Court have amended and interpreted the District Court judgments, that Court’s original ruling remains essentially unchanged: the City is to compute and pay firefighters’ overtime based on both City base pay and State supplemental pay from July 1, 1979 to the date of implementation of the 1983 Civil Service Commission pay plan.
In the proceedings which led to this appeal, the Firefighters Association filed in the District Court a Rule to Show Cause why the City and its named officers should not be held in contempt for refusing to pay the firefighters’ overtime as ordered by the previous judgments. In response to exceptions by the City, the Association withdrew its contempt rule and converted the proceeding to a Motion to Amend or Clarify the District Court’s 1983 judgment. After taking the matter under advisement, the District Court ordered the City to honor the 1980 and 1983 judgments — effective July 1, 1979 the City must pay the firefighters adjusted overtime computed on the combined City base pay and State supplemental pay formula embodied in the 1979 letter agreement between the parties.
On appeal the City contends the District Court made four errors in its judgment. The first two alleged errors concern the substance of the judgment. The City first argues that the District Court erred in rendering a decision on the Association’s Rule to Show Cause because the only matter before the Court was the Motion to Amend Judgment. Secondly, the City contends that the District Court amended its 1983 judgment after appeal, in violation of La.C. C.P. Art. 1951. Neither of these arguments have merit.
The first is apparently based solely upon the introductory sentences to the District Court’s judgment and its written reasons for judgment, both of which state that the matter came before that Court “on a Rule to Show Cause.” Obviously, these sentences only provide procedural background for the District Court ruling; they are not a substantive part of its judgment. As the City points out in its brief, the District Judge confirmed during the hearing that the Association’s Rule to Show Cause had been withdrawn and was not before the Court. Hence the judgment was not a decision on the Rule to Show Cause, and the City’s first contention on appeal is without basis.
*1019 The second contention of the City construes the judgment now on appeal as an amendment of the 1983 judgment and argues that the District Court had no jurisdiction to amend because the 1983 judgment had previously been appealed. We need not consider the issue of whether a district court can amend a judgment after appeal because in this case there was no amendment. In the instant judgment, the District Court dismissed as moot the City’s exception of lack of jurisdiction to amend the 1983 judgment because the Court found no ambiguity in the 1983 judgment and “accordingly refrain[ed] from amending it.” The decree itself reflects no amendment, but merely orders the City to comply with the District Court’s 1980 and 1983 judgments. Accordingly, we reject the City’s second argument.
The City argues thirdly that the District Court erred in failing to hold that the Civil Service Commission was an indispensable party to the proceedings. Prior to the District Court hearing, the City filed a peremptory exception raising this issue, but the exception was neither granted nor denied by the Court. The wording of the judgment indicates that the Judge may have believed the Civil Service Commission was an active party to the motion as it had been a party to the previous proceedings in the litigation. All apparent confusion aside, we do not believe the Commission was an indispensable party to the Firefighters Association’s motion. That motion and the prior contempt rule were filed to secure a court order requiring the City of New Orleans to make payments of overtime salary due the firefighters. The motion did not seek action by the Civil Service Commission; the Commission had already acted and revised the uniform pay plan in conformity with the 1982 Supreme Court decree. All the Firefighters Association sought from the District Court in 1985 was, in effect, execution of the portion of the 1983 judgment which ordered the computation and payment of the back overtime pay, functions of the City Finance Department, not of the Civil Service Commission. We, therefore, reject the City’s assertion that the participation of the Commission was required at the hearing.
The City’s final contention on appeal is that the District Court erred in failing to retroactively apply the 1983 Civil Service Commission rule that State supplemental pay is to be included in the computation of firemen’s overtime only on hours worked in excess of 60 per week, rather than for all hours worked after 46 hours, the point at which New Orleans firefighters begin earning overtime. This rule, part of the pay plan revised by the Commission in accordance with the 1982 judgment of the Supreme Court, was found valid by this Court, 459 So.2d at 1209, and the City now argues that our decision ordered retroactive application of the rule. The City contends the rule should be applied, not only prospectively from the effective date of the pay plan, February 10, 1983, but also retroactively back to July 1, 1979, that is, through the entire period for which the City has been ordered to pay back overtime to the firefighters.
The City’s position is inconsistent and untenable for several reasons. We are immediately struck by the City’s arguing, on the one hand, in response to the Association’s motion, that the Trial Court lacked jurisdiction to clarify or amend its 1983 judgment, and on the other hand, arguing on appeal that the Court should have resolved an alleged ambiguity in that judgment by ordering retroactive application of the 60 hour rule. We also note that throughout this litigation, the City has opposed any retroactive application of the new pay plan, but now that a provision of the plan would substantially lessen the City’s financial liability for firefighters’ overtime, it argues for retroactivity of that provision. Moreover, the City did not present the issue of retroactivity to the District Court either in its pleadings or in oral argument at the hearing. It is not error for the Trial Court to fail to grant relief not prayed for.
The City’s contentions in this appeal distort the judgments of this Court and of the *1020 Súpreme Court. We affirmed the 1983 District Court judgment ordering that the firefighters be paid overtime retroactively, that is “backpay,” to the date of, and pursuant to, the letter agreement entered into between the Firefighters Association and the City on July 1, 1979. We did not order retroactive implementation of the 1983 Civil Service Commission pay plan. Between July 1, 1979 and February 10, 1983, the date of implementation of the pay plan, the letter agreement prevails. Read with the intervening court judgments, that agreement provides for overtime based on both City and State supplemental pay after 46 hours of work per week. The revised pay plan provides for overtime based upon both City and State pay only for hours in excess of 60 per week; overtime pay for hours worked between 46 and 60 per week is to be calculated only upon City base pay. We believe this scheme comports with the intent of the previous judgments in this litigation, and if there was ambiguity in any of those judgments, may it now be resolved.
We have reviewed and decided the issues in the present appeal with a sense that the City is using the appellate judicial process to postpone the day of fiscal reckoning with its firefighters. We, therefore, affirm yet another judgment of the District Court and urge the parties to recognize that continued litigation will not yield the answer to the City’s financial problems.
All costs to be paid by the City of New Orleans.
AFFIRMED.

. Rather than again recite a detailed history of this litigation, we refer to this Court’s first reported opinion at 406 So.2d 752 (La.App. 4th Cir.1981), the Supreme Court's opinion on cer-tiorari at 422 So.2d 402 (La.1982), and finally this Court's second opinion at 459 So.2d 1204 (La.App. 4th Cir.1984), writs denied 463 So.2d 1319 and 463 So.2d 1322 (La.1985).