663 So.2d 840 (1995)
Ronnie L. DAIGREPONT, Carl J. Daigrepont and Vickie P. Daigrepont
v.
LOUISIANA STATE RACING COMMISSION, et al.
No. 95-CA-0539.
Court of Appeal of Louisiana, Fourth Circuit.
October 26, 1995.
Writ Denied February 2, 1996.
Overton T. Harrington, Jr., Waldmann & Harrington, Gretna, for Carl and Vickie Daigrepont.
Richard P. Ieyoub, Attorney General, Carl J. Schumacher, Jr., C. David Schumacher, Schumacher Law Corporation, Ltd., New Orleans, for the State of Louisiana, Through the Louisiana State Racing Commission, Brent Seward, Dick Kinsey and Tom Davis.
Before BARRY, JONES and LANDRIEU, JJ.
LANDRIEU, Judge.
On April 18, 1990, Ronnie L. Daigrepont, a jockey at Jefferson Downs, was severely injured in the midst of a race when he lost control of his horse, fell to the ground, and was struck in the head by an oncoming horse. At the time of the accident, Vickie Daigrepont (Ronnie's stepmother) was working in the race track and viewed the accident on the television monitor. His father, arriving at the race track shortly thereafter, was informed of the accident and rushed to his son's side in the hospital emergency room.
Under various theories of liability, Ronnie Daigrepont and his parents filed this lawsuit against numerous defendants including the State of Louisiana through the Louisiana State Racing Commission, as well as racing commission stewards Thomas Davis, J.B. Seward, and Richard Kinsey. Pursuant to an exception of no cause of action and a motion for summary judgment, the claims of Vickie P. Daigrepont and Carl Daigrepont were dismissed by the trial court.[1] Carl and Vickie *841 are now before this Court to appeal the dismissal of their claims.
The dismissal of the Daigreponts' claims was based on La. Civil Code Ann. art. 2315.6 (West Supp.1995) which provides in pertinent part:
A. The following persons who view an event causing injury to another person, or who come upon the scene of the event soon thereafter, may recover damages for mental anguish or emotional distress that they suffer as a result of the other person's injury:
(2) The father and mother of the injured person, or either of them.
Mrs. Daigrepont contends that the trial court erred in maintaining the defendants exception on no cause of action. She argues that Article 2315.6 should not be limited to biological and adoptive mothers and that because she performed all "motherly" functions since Ronnie was three years old she is, in fact, his "actual mother" and in the class intended to be provided for in Article 2315.6. The trial court, however, reasoned that Article 2315.6 "must be read in pari materia with La.Civ.Code arts. 2315 and 2315.1, and provides a right of action for the woman who gave birth to the injured person, or a mother by adoption, but does not provide a cause of action to Vickie Daigrepont." We agree.
When a law is clear and unambiguous, no further interpretation may be made in search of the intent of the legislature, La.Civ.Code Ann. art. 9 (West 1993), and, accordingly, we do not extend the term "mother" to include a stepmother. Moreover, even accepting arguendo that the statute is applicable to a stepmother, it is questionable whether the statute is applicable to one who views an accident on a television monitor. However, because we agree with the trial court's ruling, we pretermit this issue.
Next, Mr. Daigrepont contends that the trial court improperly granted summary judgment in favor of the defendants. He argues that because he viewed the video tape of his son's accident shortly after its occurrence, he is entitled to recovery under Article 2315.6. We disagree. The article clearly states that in order to recover, the parent must either view the accident or come upon the scene of the accident shortly after its occurrence. It does not provide for the situation where a parent arrives upon the scene, is informed of the accident, rushes to the hospital where his son has been taken, and later views a video tape of the accident.
For the foregoing reasons, the judgment of the trial court dismissing appellants' claims is affirmed.
AFFIRMED.
BARRY, J., concurs with reasons.
BARRY, Judge, concurring with reasons.
I submit that the majority's gratuitous statement is not germane to the issue:
"Moreover, even accepting arguendo that the statute is applicable to a stepmother, it is questionable whether the statute is applicable to one who views an accident on a television monitor."
I agree with the result.
NOTES
[1] The suit involving Ronnie Daigrepont's recovery for the injuries he sustained in the accident remains pending in the trial court.