STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-1106

JOSHUA J. FOSTER, ET AL.

VERSUS

THE CITY OF LEESVILLE

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 87,307B
HONORABLE C. ANTHONY EAVES, DISTRICT JUDGE

**********

VAN H. KYZAR
JUDGE

**********

Court composed of Marc T. Amy, Van H. Kyzar, and Candyce G. Perret, Judges.

REVERSED; VACATED; AND REMANDED.

Michael D. Hebert
Stuart R. Breaux
Becker & Hebert, LLC
201 Rue Beauregard
Lafayette, LA 70508
(337) 233-1987
COUNSEL FOR DEFENDANT/APPELLANT:
    City of Leesville

Aaron L. Green
Vilar & Green, LLC
P. O. Box 12730
Alexandria, LA 71315-2730
(318) 442-9533
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Joshua J. Foster
    Leonard R. Edwards
    Horace C. Condon
    Amanda G. Lawrence
    Stacy B. Dixon
    Ronald K. Bush
    Michael D. Allen
    William Tibbits
    Dennis Doherty
    Eric J. Baker
    Brandon Strickland

**KYZAR, Judge.**

The City of Leesville appeals from trial court judgments denying its peremptory exception of lack of a needed party and granting summary judgment in favor of current and former firefighters for the City of Leesville Fire Department. For the following reasons, we reverse, vacate, and remand for further proceedings.

## DISCUSSION OF THE RECORD

The plaintiffs, Joshua J. Foster, Leonard R. Edwards, Horace C. Condon, Amanda G. Lawrence, Stacy B. Dixon, Ronald K. Bush, Michael D. Allen, William Tibbits, Dennis Doherty, Eric J. Baker, and Brandon Strickland, are all current or former firefighters with the City of Leesville Fire Department. On November 21, 2012, they filed suit against the City of Leesville (the City) seeking an accounting and/or payment for annual vacation time they alleged was owed to them under the City's employment leave policy.

The plaintiffs alleged that despite the City unilaterally adopting a policy assigning them to work a twenty-four hour, fifteen minute tour of duty, with a sixteen hour, fifteen minute shift, it routinely debited sixteen hours and twenty-five minutes per shift for any vacation, sick leave, or compensatory time taken by them. Thus, they claimed that they were entitled to an accounting from the City and payment for the ten minutes per shift for all time taken off for vacation, sick leave, or compensatory time for which they had not been paid, together with legal interest on all such amounts from the time due until paid.

The plaintiffs further alleged that the City unilaterally changed its vacation pay policy on October 21, 2011, to accrue vacation time weekly, rather than annually. Thus, it alleged that the City deleted from its books the accrued vacation time earned by the plaintiffs between January 1 and September 30, 2011. The

plaintiffs claimed that this deletion constituted a prohibited violation of La.R.S. 33:1996, which provided, in part:

> Firemen in municipalities, parishes and fire protection districts to which this Subpart applies, after having served one year, shall be entitled to an annual vacation of eighteen days with full pay. This vacation period shall be increased one day for each year of service over ten years, up to a maximum vacation period of thirty days, all of which shall be with full pay. The vacation privileges herein provided for shall not be forfeited by any member of the department for any cause.

After answering the plaintiffs' petition, the City filed a motion for partial summary judgment, arguing that La.R.S. 33:1996 was not applicable to the City because its population was less than 13,000. The City based its argument on La.R.S. 33:1961, which states, "This Subpart applies to any paid fire department operated by a municipality which has a population of thirteen thousand or more and also to firemen paid by any parish or fire protection district." It also cited numerous Attorney General Opinions, which held that La.R.S. 33:1996 was inapplicable to municipalities with populations of fewer than 13,000 residents. In response, the plaintiffs filed a cross motion for summary judgment, arguing that La.R.S. 33:1996 applied to the City as a matter of law. Following a hearing, the trial court took the matter under advisement. Thereafter, it rendered written reasons on January 9, 2014, in which it held as follows:

> In addressing the Plaintiff's Crossmotion [sic] for Summary Judgment, we must first look at the interpretation of statute 33:1996. The starting point for interpretation of any statute is the language of the statute itself. *Touchard v. Williams*, 617 So.2d 885 (La.1993). When read literally, the statute appears to be clear with little or no ambiguity. It also does not appear evident that the application of statute 33:1996 would lead to absurd consequences. Therefore, the statute shall be applied as written, with no further interpretation made in search of the legislative intent; and this court finds there is no genuine issue of material fact regarding the application of statute 33:1996 to the Defendant, THE CITY OF LEESVILLE. Louisiana Civil Code art. 9; *Daigrepont v. Louisiana State Racing Comm'n*, 95-0539 (La. App. 4 Cir. 10/26/95), 663 So.2d 840.

2

> This court, after considering the foregoing motions, evidence presented, arguments of counsel, applicable law, and for reasons stated above, **DENIES** Motion for Summary Judgment filed by Defendant, THE CITY OF LEESVILLE.
>
> Furthermore, this court **GRANTS**, Crossmotion [sic] for Summary Judgment filed by Plaintiff, JOSHUA J. FOSTER, ET AL.

A written judgment formalizing the trial court's written reasons was signed on February 18, 2014.

Thereafter, the plaintiffs moved for the trial court to order the City to provide them with "an accounting that corrects each employee's vacation time to comply with applicable law and the Court's February 18, 2014 Judgment." Following an April 7, 2016 hearing, the trial court granted the plaintiffs' motion and ordered the City to provide a draft accounting to counsel for the plaintiffs on or before April 26, 2016.

Once the City submitted the requested draft accounting, the plaintiffs filed a motion for summary judgment, arguing that although it contained accurate factual information, the City's accounting was "incorrect, insofar as it's [sic] methodology fails to comply with the applicable law[.]" The plaintiffs claimed that "the City continued to incorrectly calculate and place a ceiling on the vacation time owed to its employees in violation of Louisiana Revised Statutes 33:1996. The City has no basis for such a limitation." Thus, the plaintiffs sought summary judgment "(1) confirming the proper amount of vacation time each Plaintiff should have; (2) determining that the City's ceiling on 'carry over' vacation time is not proper; and (3) issuing a Monetary Judgment against the City for the amounts set forth" in its exhibit.

In response, the City filed a cross-motion for partial summary judgment and an opposition to the plaintiffs' motion for summary judgment, arguing that there was no genuine issue of material fact "as to Plaintiffs' lack of entitlement to

3

vacation day carryover rights and the absence in this case of any purported vacation day forfeitures[.]" In opposition to the City's motion for partial summary judgment, the plaintiffs argued that the City's vacation policy, effective June 2013, expressly excluded firemen; thus, "there is no City policy that places a 'ceiling' or 'cap' on the amount of vacation time firemen are allowed to accrue." Additionally, the plaintiffs argued that the exclusive authority for establishing vacation leave policies for the City's firemen was vested in the Leesville Municipal Fire and Police Civil Service Board (the Board) and that no such rule existed. Thus, they argued that they were entitled to summary judgment on this issue for the following reasons:

(1) there is no Civil Service Board rule that establishes a "ceiling" or "cap" on the vacation leave firemen may accrue . . .; (2) the City also has no policy that establishes such a "ceiling" or "cap" . . .; and finally (3) even if the City had such a policy, it would not be valid, because the City lacks the power to establish a vacation leave policy – such power is vested with the Civil Service Board.

As a result of the plaintiffs' argument regarding the Board, the City filed a peremptory exception of nonjoinder of a party needed for just adjudication, stating that joinder of the Board was necessary for complete adjudication of this matter. The plaintiffs opposed this exception, contending that the City's exception was merely an attempt to delay the outcome of this matter. Following a March 9, 2017 hearing, the trial court denied the City's exception.

The matter then proceeded to a hearing on the motion for summary judgment and the cross-motion for partial summary judgment on April 13, 2017. At the start of the hearing, the parties introduced into evidence a stipulation, which contained the regular hourly rates of the plaintiffs on specified dates; the three latest versions of the City's vacation policies, effective December 2011 to May 2012, May 2012 to June 2013, and effective June 2013 through the present; and the

4

Board's rules, which have been in effect at all times pertinent to this litigation. The stipulation further stated that "[t]here is no contract or collective bargaining agreement between: (1) the [City], its Fire Department, and/or any other representative of the City and (2) the firemen employed by the [City], including the named plaintiffs in this suit, any Union, and/or other representative of said firemen." Finally, the stipulation stated that the only other evidence to be considered by the trial court, in addition to the stipulation, were the proposed accountings of both the City and the plaintiffs. At the close of argument, the trial court ruled that it was granting summary judgment in favor of the plaintiffs and denying the City's cross-motion for summary judgment. The trial court further held that it was adopting the accounting provided by the plaintiffs and, based on that accounting, was rendering a monetary judgment in favor of those plaintiffs no longer employed by the City. A written judgment formalizing these rulings was rendered by the trial court on May 19, 2017.

Thereafter, the City perfected appeals from both judgments rendered against it by the trial court. On appeal, it raises two assignments of error:

1. The [trial court] erred in failing to require that the Leesville Municipal Fire and Police Civil Service Board be added as a party.

2. The trial court erred in including an unlimited "carryover" of unused vacation days in the cumulative amount of vacation owed to Leesville firefighters under La.R.S. 33:1996.

**OPINION**

Louisiana Code of Civil Procedure Article 641, with regard to joinder of parties needed for just adjudication, provides:

A person shall be joined as a party in the action when either:

(1) In his absence complete relief cannot be accorded among those already parties.

5

(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:

(a) As a practical matter, impair or impede his ability to protect that interest.

(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

However, "[i]f a person described in Article 641 cannot be made a party, the court shall determine whether the action should proceed among the parties before it, or should be dismissed." La.Code Civ.P. art. 642. The factors to be considered pursuant to La.Code Civ.P. art. 642 are, as follows:

(1) To what extent a judgment rendered in the person's absence might be prejudicial to him or those already present.

(2) The extent to which the prejudice can be lessened or avoided by protective provisions in the judgment, by the shaping of relief, or by other measures.

(3) Whether a judgment rendered in the person's absence will be adequate.

(4) Whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

On appeal from the grant or denial of a peremptory exception based on the non-joinder of a party needed for just adjudication, the appellate court "review[s] the findings of the trial court in accordance with the 'abuse of discretion' standard of review." *Rayford v. Nat'l R.R. Passenger Corp.*, 05-1273, p. 7 (La.App. 4 Cir. 4/13/07), 962 So.2d 5, 9, *writ denied*, 07-1021 (La. 8/31/07), 962 So.2d 439.

As stated previously, La.R.S. 33:1996 provides the annual vacation that firemen are statutorily entitled to:

Firemen in municipalities, parishes and fire protection districts to which this Subpart applies, after having served one year, shall be entitled to an annual vacation of eighteen days with full pay. This vacation period shall be increased one day for each year of service over ten years, up to a maximum vacation period of thirty days, all of

6

which shall be with full pay. The vacation privileges herein provided for shall not be forfeited by any member of the department for any cause. Firemen employed on January 6, 1969 shall have their present longevity considered as a factor in the computation of their vacation benefits as provided herein.

The provisions of this section shall in no way be construed to affect in any manner any presently existing system of computing vacation periods under which greater vacation benefits are granted than those provided for herein and the same shall continue in full force and effect.

This statute was previously addressed by the supreme court in *New Orleans Firefighters Local 632 v. City of New Orleans*, 00-1921, 00-2041 (La. 5/25/01), 788 So.2d 1166 (*Firefighters I*), in a matter in which the firefighters contested, among other issues, a rule which capped their accumulated annual leave at forty-five or ninety days, depending on their date of hire. The firefighters argued that this cap violated La.R.S. 33:1996, which, in addition to specifying the number of vacation days they were entitled to annually, mandated that "[t]he vacation privileges herein provided for shall not be forfeited by any member of the department for any cause." La.R.S. 33:1996. Thus, they argued that they were entitled to "accumulate an unlimited number of days of annual leave which may not be forfeited." *Firefighters I*, 788 So.2d at 1170. However, the City of New Orleans argued that La.R.S. 33:1996 was silent on the issue of accumulated vacation days.

In addressing the issue before it, the supreme court stated:

Commission Rule VIII, § 1.2 does not violate the terms or the intent of the statute. The statutory guarantee is that firemen be allowed to earn and to use a minimum number of vacation days each year. The Rule, while allowing earned vacation days to be carried forward to a succeeding year, simply places a reasonable limitation on the period of time within which earned vacation days must be used. The Rule thus denies a fireman the right to earn vacation days in one year at one salary and then to demand payment for those vacation days fifteen years later at a higher salary, but the Rule does not require forfeiture of earned vacation days which the fireman has been given a reasonable opportunity to use. A ceiling on the number of vacation

7

days a fireman may carry forward is not, in itself, a forfeiture of earned vacation days, unless the fireman was denied the opportunity to use those earned vacation days.

Moreover, the Rule does not violate this court's 1982 decision in *New Orleans Firefighters [Association v. Civil Service Commission of the City of New Orleans*, 422 So.2d 402 (La.1982)], which held that enforcement of the statute providing for supplemental salary for firemen in combination with their minimum wages did not conflict with the Civil Service Commission's constitutional rulemaking authority. Nor does the Rule create a labor condition for firemen that is "injurious to the safety and welfare of the public as well as detriment to the health, efficiency and morale of the firefighters," which was a significant concern of the 1982 decision. *Id.* at 412. Indeed, the stockpiling of vacation days not only is a right on which the terms of the statute are silent, but also runs counter to the rest, renewal and recreation purpose of vacation days as an employment practice.

We conclude that La.Rev.Stat. 33:1996 does not either grant or deny firemen the right to carry forward earned vacation days to future years. The statute simply is silent on the issue and therefore is not in conflict, on its face, with Commission Rule VIII, § 1.2.

Nevertheless, the City arguably cannot require work conditions or undermanned schedules for firemen that prevent them from using their accrued leave each year, as such conduct by the City could constitute an impermissible forfeiture of vacation privileges.

*Id.* at 1170-71 (footnote omitted).

Thus, as held by the supreme court, La.R.S. 33:1996 is silent on the issue of accrued vacation leave; it neither grants nor denies firemen the right to accrue their vacation leave from year to year.

During the hearing on the exception, counsel for the plaintiffs stated that the issue before the trial court was "the issue of quantum or the amount of hours these firemen are entitled to under 1996 [sic] and the appropriate relief that should come from that." He further stated that this issue did not involve the Board and cited in support of his argument *New Orleans Firefighters Association Local 632 v. Civil Service Commission of City of New Orleans*, 485 So.2d 1017 (La.App. 4 Cir.), *writ denied*, 489 So.2d 921 (La.1986) (*Firefighters II*). In that opinion, the fourth

8

circuit affirmed the trial court's ruling that the Civil Service Commission was not an indispensable party to the firefighters' suit against the City. In doing so, the court held:

> [W]e do not believe the Commission was an indispensable party to the Firefighters Association's motion. That motion and the prior contempt rule were filed to secure a court order requiring the City of New Orleans to make payments of overtime salary due the firefighters. The motion did not seek action by the Civil Service Commission; the Commission had already acted and revised the uniform pay plan in conformity with the 1982 Supreme Court decree. All the Firefighters Association sought from the District Court in 1985 was, in effect, execution of the portion of the 1983 judgment which ordered the computation and payment of the back overtime pay, functions of the City Finance Department, not of the Civil Service Commission. We, therefore, reject the City's assertion that the participation of the Commission was required at the hearing.

*Id.* at 1019.

However, after review, we find that *Firefighters II* actually supports the City's position rather than the plaintiffs. This is based on the Board's Annual Leave policy, which governs the leave of firemen, as provided in Subsection "J." of Section "1." of Rule XII, of which we take judicial notice. La.Code Evid. art. 202(B). Subsection "J." provides, with regard to annual leave for Fire and Police:

> Each full-time employee of the classified service shall accrue vacation leave at the rate of ten (10) working days each year for the first five (5) years of service; fifteen (15) working days each year from five (5) to ten (10) years of service; twenty (20) working days each year from ten (10) to fifteen (15) years of service; twenty-five (25) days each year from (15) to twenty (20) years of service; and thirty (30) working days each year from twenty (20) years of service and thereafter.

This clearly conflicts with the statutorily mandated annual leave provided by La.R.S. 33:1996, which entitles firemen, "after having served one year[,]" to "an annual vacation of eighteen days with full pay. This vacation period shall be increased one day for each year of service over ten years, up to a maximum vacation period of thirty days, all of which shall be with full pay." This fact was noted by counsel for plaintiffs in his argument to the trial court and even by the

9

trial court itself which, in ruling from the bench, stated, "The unfortunate situation is the Board is - - from our discussion in the side chamber, is they may not have some rules that are compliance [sic] with the law and there's a worry on the part of the City that unless the Board changes things that it may - - there may be other problems that may arise."

We note that Subsection "J." of Section "1." of Rule XII of the Board has no provision which would otherwise permit or prohibit the carryover of unused vacation leave from year to year by the plaintiffs. During argument in opposition to the exception, plaintiffs' counsel urged that while the City's employment policies provided for limited carryover as to certain City employees, the plain wording of Rule XII did not prohibit carryover and that the plaintiffs were governed by the Board's rules. Despite the omission of any carryover provision in Rule XII, the plaintiffs argued that carryover was allowed because the rule was silent on the issue. However, silence as to the right to carryover unused vacation leave from year to year does not, in and of itself, grant the right to carryover unused leave time. *Firefighters I*, 788 So.2d 1166. As to the plaintiffs, the Board, while restricted from providing less vacation time than established by La.R.S. 33:1996, is free to grant more and can provide for carryover of such unused time from year to year. *Id.* Thus, it is glaringly apparent that the Board is indeed a needed party herein concerning the intent and interpretation of its own rules, which clearly apply to the plaintiffs and their claims for an accounting of their unused vacation leave time.

Considering the necessity of its involvement, we find that joinder of the Board is necessary so that complete relief can be accorded to the plaintiffs in this matter and that the trial court abused its discretion by denying the City's peremptory exception of non-joinder. Accordingly, the judgment of the trial court

10

denying the City's peremptory exception of non-joinder of a party needed for just adjudication is reversed; the trial court's May 19, 2017 judgment granting summary judgment in favor of the plaintiffs and denying the City's cross-motion for partial summary judgment is vacated; and the matter is remanded for further proceedings in accordance with this opinion.

## DISPOSITION

For the foregoing reasons, the judgment of the trial court denying the City of Leesville's peremptory exception of non-joinder of a party needed for just adjudication is reversed; the trial court's May 19, 2017 judgment granting summary judgment in favor of the plaintiffs and denying the City of Leesville's cross-motion for partial summary judgment is vacated; and the matter is remanded for further proceedings in accordance with this opinion. The costs of this appeal are assessed to the plaintiffs, Joshua J. Foster, Leonard R. Edwards, Horace C. Condon, Amanda G. Lawrence, Stacy B. Dixon, Ronald K. Bush, Michael D. Allen, William Tibbits, Dennis Doherty, Eric J. Baker, and Brandon Strickland.

**REVERSED; VACATED; AND REMANDED.**

11