NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 20-47

JOSHUA J. FOSTER, ET AL.

VERSUS

THE CITY OF LEESVILLE

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 87,304
HONORABLE C. ANTHONY EAVES, DISTRICT JUDGE

**********

D. KENT SAVOIE

JUDGE

**********

Court composed of Shannon J. Gremillion, D. Kent Savoie, and Jonathan W. Perry, Judges.

MOTION TO SUPPLEMENT RECORD GRANTED.

**Michael Dean Hebert**
**Becker & Hebert**
**201 Rue Beauregard**
**Lafayette, LA 70508**
**(337) 233-1987**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**The City of Leesville**

**Brian D. Cespiva**
**Attorney at Law**
**711 Washington Street**
**Alexandria, LA 71301**
**(318) 448-0905**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Leesville Muncipal Fire and Police Civil Service Board**

**Mark Felipe Vilar**
**Aaron L. Green**
**Vilar & Green**
**1450 Dorchester Drive**
**Alexandria, LA 71315**
**(318) 442-9533**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**Joshua J. Foster**
**Leonard R. Edwards**
**Horace C. Condon**
**Amanda G. Lawrence**
**Stacy B. Dixon**
**Ronald K. Bush**
**Michael D. Allen**
**William Tibbits**
**Dennis Doherty**
**Eric J. Baker**
**Brandon Strickland**

**SAVOIE, Judge.**

Defendant-Appellant, City of Leesville, moves this court to supplement the record in the instant appeal. For the reasons given herein, we grant the motion.

The instant case involves the interpretation of La.R.S. 33:1996, a statute providing for certain minimum amounts of vacation leave for firefighters. Appellant states that the instant case was previously before this court in docket number 17-1106, wherein it was reversed and remanded for further proceedings consistent with this court's opinion. *Foster v. City of Leesville*, 17-1106 (La.App. 3 Cir. 6/13/18), 250 So.3d 302. The instant appeal, Appellant asserts, is from a judgment rendered after the remand was ordered by this court and presents one of the same issues of law previously presented in docket number 17-1106. Appellant maintains that in pursuit of the instant appeal, it relies in part upon the entire record in docket number 17-1106. Since the record submitted by the lower court does not include any of the proceedings included in docket number 17-1106, Appellant moves to supplement the record of the instant appeal with the record in 17-1106.

In opposition, Plaintiffs-Appellees, Joshua J. Foster, Leonard R. Edwards, Horace C. Condon, Amanda G. Lawrence, Stacy B. Dixon, Ronald K. Bush, Michael D. Allen, William Tibbits, Dennis Doherty, Eric J. Baker, and Brandon Strickland, argue that it is undisputed that for many years, Appellant failed to provide its firemen with the annual leave required by La.R.S. 33:1996. Then on December 5, 2013, the trial court granted summary judgment in favor of Appellees, concluding that La.R.S. 33:1996 applies to Appellant. Appellees assert that the matter proceeded to trial a second time to determine how to properly account for the years Appellants failed to provide its firemen with the annual leave under La.R.S. 33:1966 and ruled in favor of appellees on June 17, 2019.

Appellees urge that Appellant's sole assignment of error relates to the June 17, 2019 judgment, only, and the evidence introduced at the June 17, 2019 trial. The only reason Appellant seeks to add the prior record as an exhibit, Appellees contend, is because it is attempting to rely on documents not introduced into evidence at the June 17, 2019 trial. As such, Appellees object to Appellant's motion to supplement, arguing that it attempts to expand the exhibits introduced at the June 17, 2019 trial. Appellees complain that instead of specifying specific documents to add to the already lodged record, Appellant seeks a blanket order to supplement the record with the entirety of the prior record consisting of 623 pages. Appellees argue that Appellant has not made the requisite showing that this type of expansive supplement is necessary or required by the Louisiana Code of Civil Procedure or the Uniform Rules—Courts of Appeal. In support of their argument, Appellees cite Uniform Rules, Courts of Appeal, Rule 2-1.7, which reads (emphasis added):

> The record shall include exact legible copies of all documentary evidence and other evidence (including depositions filed in evidence) in the order in which such evidence was filed. If it is necessary that the original of any evidence be filed, such original must be filed separately and not attached to the record; however, there must be proper reference in the record showing such filing. ***No record of another case (or prior record in the same titled and numbered case) shall be included in the record, unless such other record has been introduced in evidence (at trial) in the case on appeal or on writs, in which event such other record shall accompany the record as an exhibit.***

According to Appellees, the prior record was not introduced into evidence at trial. "Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record." *Denoux v. Vessel Management Services, Inc.*, 07-2143, p. 5 (La. 5/21/08), 983 So.2d 84, 88. As such, Appellees

2

conclude that this court's review on appeal is limited to the evidence introduced at trial.

Next, Appellees acknowledge that the record of the instant case does not include the original petition, Appellant's answer, or any orders, minutes entries, judgments, or written reasons for judgment that predate the prior appeal. Appellees assert that they have no objection to supplementing the record with these documents. Appellees, however, object to Appellant's "carte blanche" motion to supplement the record with the entire record from a separate appeal which is prohibited by Rule 2-1.7. Appellees urge that it would burden this court and the record in this matter by including a bulky, voluminous prior filing not introduced into evidence at trial and that has nothing to do with Appellant's sole assignment of error related to the June 17, 2019 judgment. Pursuant to Uniform Rules—Courts of Appeal, Rule 2-1.12, "Bulky or cumbersome documents, exhibits, and other physical or corporeal evidence should not be filed with the record, unless otherwise ordered by the court." Lastly, Appellees urge that it would be improper to allow Appellant a second bite at the apple on appeal by introducing documents not introduced into evidence at trial in an effort to disturb the trial court's properly rendered judgment.

In reply, Appellant asserts that in the first appeal, this court vacated the trial court's ruling regarding the proper interpretation of La.R.S. 33:1996. On remand, Appellant states, the trial court rendered the same judgment in favor of Appellees. Because the precise issue and facts presented in this identical appeal have been before this court, Appellant urges that the same facts, evidence, and pleadings should be included in the present record. Considering that the parties are in substantial agreement on most of what needs to be supplemented in the current

3

appeal record, Appellant avers that there is little in the prior record that would not supplement the present record on appeal—the surplus is harmless. Nonetheless, in an effort to bring closure to this matter, Appellant provided a list of 46 documents found in the prior record that it deems should be added to the present record. Appellant maintains that this court is authorized to supplement the record pursuant to La.Code Civ.P. art. 2132 when such record "is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record." The record "may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court." *Id.*

Next, Appellant argues that Appellees' reliance on Rules 2-1.7, 2-1.11, and 2-1.12 is misplaced. These subsections of Rule 2-1, Appellant contends, govern the preparation of a record by clerks of court, guiding the number of copies to be made, the requisite content of the record, the order of pleadings and other items, the numbering of pages, the items to be omitted, the clerk's certification, and the clerk's responsibility. Further, Appellant urges that the subsections are merely mandates for clerks of court and have no bearing on a motion to supplement the record.

We find that the Louisiana Code of Civil Procedure, the Uniform Rules— Courts of Appeal, and the jurisprudence cited by Appellees does not prohibit this court from supplementing the record in the instant appeal by including the prior record as an exhibit. Further, both parties agree that there are numerous documents in the prior record that are pertinent to the matter before this court in the instant appeal. Accordingly, we grant Appellant's motion to supplement the record and

4

order that the record of this proceeding be supplemented with the record in this court's prior docket number 17-1106 as an exhibit.

**MOTION TO SUPPLEMENT RECORD GRANTED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.