# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-47

JOSHUA J. FOSTER, ET AL.

VERSUS

THE CITY OF LEESVILLE

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 87,304
HONORABLE C. ANTHONY EAVES, DISTRICT JUDGE

**********

## ELIZABETH A. PICKETT
## JUDGE

**********

Court composed of Elizabeth A. Pickett, John E. Conery, and Jonathan W. Perry, Judges.

**AFFIRMED.**

**Michael Dean Hebert**
**Becker & Hebert**
**201 Rue Beauregard**
**Lafayette, LA 70508**
**(337) 233-1987**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **The City of Leesville**

**Brian D. Cespiva**
**Attorney at Law**
**711 Washington Street**
**Alexandria, LA 71301**
**(318) 448-0905**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Leesville Muncipal Fire and Police Civil Service Board**

**Aaron L. Green**
**Mark Felipe Vilar**
**Vilar & Green**
**1450 Dorchester Drive**
**Alexandria, LA 71315**
**(318) 442-9533**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
        **Joshua J. Foster, et al.**

**PICKETT, Judge.**

The City of Leesville appeals the judgment of the trial court granting summary judgment in favor of the plaintiffs, current and former firefighters employed by the city, and adopting the firefighters' calculation of leave benefits owed pursuant to La.R.S. 33:1996.

## FACTS

Eleven firefighters employed by the Leesville filed suit to recover vacation pay they claim was owed to them. In a previous appeal *Foster v. City of Leesville,* 17-1106, pp. 1-2 (La.App. 3 Cir. 6/13/18), 250 So.3d 302, 303-304, this court set out the procedural history of this matter:

> The plaintiffs, Joshua J. Foster, Leonard R. Edwards, Horace C. Condon, Amanda G. Lawrence, Stacy B. Dixon, Ronald K. Bush, Michael D. Allen, William Tibbits, Dennis Doherty, Eric J. Baker, and Brandon Strickland, are all current or former firefighters with the City of Leesville Fire Department. On November 21, 2012, they filed suit against the City of Leesville (the City) seeking an accounting and/or payment for annual vacation time they alleged was owed to them under the City's employment leave policy.
>
> The plaintiffs alleged that despite the City unilaterally adopting a policy assigning them to work a twenty-four hour, fifteen minute tour of duty, with a sixteen hour, fifteen minute shift, it routinely debited sixteen hours and twenty-five minutes per shift for any vacation, sick leave, or compensatory time taken by them. Thus, they claimed that they were entitled to an accounting from the City and payment for the ten minutes per shift for all time taken off for vacation, sick leave, or compensatory time for which they had not been paid, together with legal interest on all such amounts from the time due until paid.
>
> The plaintiffs further alleged that the City unilaterally changed its vacation pay policy on October 21, 2011, to accrue vacation time weekly, rather than annually. Thus, it alleged that the City deleted from its books the accrued vacation time earned by the plaintiffs between January 1 and September 30, 2011. The plaintiffs claimed that this deletion constituted a prohibited violation of La.R.S. 33:1996, which provided, in part:
>
> > Firemen in municipalities, parishes and fire protection districts to which this Subpart applies, after having served one year, shall be entitled to an annual

vacation of eighteen days with full pay. This vacation period shall be increased one day for each year of service over ten years, up to a maximum vacation period of thirty days, all of which shall be with full pay. The vacation privileges herein provided for shall not be forfeited by any member of the department for any cause.

After answering the plaintiffs' petition, the City filed a motion for partial summary judgment, arguing that La.R.S. 33:1996 was not applicable to the City because its population was less than 13,000. The City based its argument on La.R.S. 33:1961, which states, "This Subpart applies to any paid fire department operated by a municipality which has a population of thirteen thousand or more and also to firemen paid by any parish or fire protection district." It also cited numerous Attorney General Opinions, which held that La.R.S. 33:1996 was inapplicable to municipalities with populations of fewer than 13,000 residents. In response, the plaintiffs filed a cross motion for summary judgment, arguing that La.R.S. 33:1996 applied to the City as a matter of law. Following a hearing, the trial court took the matter under advisement.

The trial court in the earlier proceedings found that La.R.S. 33:1961 applied to Subpart A, and La.R.S. 33:1996 was included in Subpart B. Therefore, the population limit contained in Section 1961 did not apply in this case. The trial court further found that such a reading would lead to absurd consequences. The panel of this court continued, stating:

Thereafter, it rendered written reasons on January 9, 2014, in which it held as follows:

In addressing the Plaintiff's Crossmotion [sic] for Summary Judgment, we must first look at the interpretation of statute 33:1996. The starting point for interpretation of any statute is the language of the statute itself. *Touchard v. Williams*, 617 So.2d 885 (La.1993). When read literally, the statute appears to be clear with little or no ambiguity. It also does not appear evident that the application of statute 33:1996 would lead to absurd consequences. Therefore, the statute shall be applied as written, with no further interpretation made in search of the legislative intent; and this court finds there is no genuine issue of material fact regarding the application of statute 33:1996 to the Defendant, THE CITY OF LEESVILLE. Louisiana Civil Code art. 9; *Daigrepont v. Louisiana State Racing Comm'n*, 95-0539 (La. App. 4 Cir. 10/26/95), 663 So.2d 840.

2

This court, after considering the foregoing motions, evidence presented, arguments of counsel, applicable law, and for reasons stated above, **DENIES** Motion for Summary Judgment filed by Defendant, THE CITY OF LEESVILLE.

Furthermore, this court **GRANTS**, Crossmotion [sic] for Summary Judgment filed by Plaintiff, JOSHUA J. FOSTER, ET AL.

A written judgment formalizing the trial court's written reasons was signed on February 18, 2014.

Thereafter, the plaintiffs moved for the trial court to order the City to provide them with "an accounting that corrects each employee's vacation time to comply with applicable law and the Court's February 18, 2014 Judgment." Following an April 7, 2016 hearing, the trial court granted the plaintiffs' motion and ordered the City to provide a draft accounting to counsel for the plaintiffs on or before April 26, 2016.

Once the City submitted the requested draft accounting, the plaintiffs filed a motion for summary judgment, arguing that although it contained accurate factual information, the City's accounting was "incorrect, insofar as it's [sic] methodology fails to comply with the applicable law[.]" The plaintiffs claimed that "the City continued to incorrectly calculate and place a ceiling on the vacation time owed to its employees in violation of Louisiana Revised Statutes 33:1996. The City has no basis for such a limitation." Thus, the plaintiffs sought summary judgment "(1) confirming the proper amount of vacation time each Plaintiff should have; (2) determining that the City's ceiling on 'carry over' vacation time is not proper; and (3) issuing a Monetary Judgment against the City for the amounts set forth" in its exhibit.

In response, the City filed a cross-motion for partial summary judgment and an opposition to the plaintiffs' motion for summary judgment, arguing that there was no genuine issue of material fact "as to Plaintiffs' lack of entitlement to vacation day carryover rights and the absence in this case of any purported vacation day forfeitures[.]" In opposition to the City's motion for partial summary judgment, the plaintiffs argued that the City's vacation policy, effective June 2013, expressly excluded firemen; thus, "there is no City policy that places a 'ceiling' or 'cap' on the amount of vacation time firemen are allowed to accrue." Additionally, the plaintiffs argued that the exclusive authority for establishing vacation leave policies for the City's firemen was vested in the Leesville Municipal Fire and Police Civil Service Board (the Board) and that no such rule existed. Thus, they argued that they were entitled to summary judgment on this issue for the following reasons:

> (1) there is no Civil Service Board rule that establishes a "ceiling" or "cap" on the vacation leave firemen may accrue ...; (2) the City also has no policy that establishes such a "ceiling" or "cap" ...; and finally (3) even if the City had such a policy, it would not be valid, because the City lacks the power to establish a vacation leave policy-- such power is vested with the Civil Service Board.
>
> As a result of the plaintiffs' argument regarding the Board, the City filed a peremptory exception of nonjoinder of a party needed for just adjudication, stating that joinder of the Board was necessary for complete adjudication of this matter. The plaintiffs opposed this exception, contending that the City's exception was merely an attempt to delay the outcome of this matter. Following a March 9, 2017 hearing, the trial court denied the City's exception.
>
> The matter then proceeded to a hearing on the motion for summary judgment and the cross-motion for partial summary judgment on April 13, 2017. At the start of the hearing, the parties introduced into evidence a stipulation, which contained the regular hourly rates of the plaintiffs on specified dates; the three latest versions of the City's vacation policies, effective December 2011 to May 2012, May 2012 to June 2013, and effective June 2013 through the present; and the Board's rules, which have been in effect at all times pertinent to this litigation. The stipulation further stated that "[t]here is no contract or collective bargaining agreement between: (1) the [City], its Fire Department, and/or any other representative of the City and (2) the firemen employed by the [City], including the named plaintiffs in this suit, any Union, and/or other representative of said firemen." Finally, the stipulation stated that the only other evidence to be considered by the trial court, in addition to the stipulation, were the proposed accountings of both the City and the plaintiffs. At the close of argument, the trial court ruled that it was granting summary judgment in favor of the plaintiffs and denying the City's cross-motion for summary judgment. The trial court further held that it was adopting the accounting provided by the plaintiffs and, based on that accounting, was rendering a monetary judgment in favor of those plaintiffs no longer employed by the City. A written judgment formalizing these rulings was rendered by the trial court on May 19, 2017.

*Id.* at 304-306.

This court found that the Leesville Municipal Fire and Police Civil Service Board (the Board) was an indispensable party. We granted the peremptory exception, reversed and vacated the judgment of the trial court, and remanded for further proceedings. *Id.*

4

On remand, the plaintiffs amended their petition to add the Board as a defendant. The Board answered with a general denial. A trial on the matter was held on June 17, 2019. While the attorneys for the plaintiffs and Leesville made arguments in favor of their respective positions, the Board's attorney made an appearance, but when asked by the court if he wanted to say anything, he replied, "Absolutely not." He elaborated that the Board has taken no position in this case.

The plaintiffs argued that La.R.S. 33:1996 sets the minimum number of days of annual vacation to which firefighters are entitled. The Board's policies clearly allowed for fewer days of leave, and they should be compensated for the deficit by increasing their accumulated leave if they are still employed by Leesville or by paying them at the rate of pay at the time of separation for the number of hours they would have accumulated if the Board had complied with La.R.S. 33:1996. The plaintiffs' calculation converted the vacation days under the statute into hours, deleted the vacation time actually taken by the firefighters, and carried over any remaining time to the next year. The plaintiffs' calculation assumes that there is no maximum number of vacation leave that a firefighter can carry over from one year to the next.

Leesville argued that the statute only requires that firefighters have at least the minimum number of days of vacation leave each year. While they admit that the Board's policy did not grant the minimum number of days required by La.R.S. 33:1996, they argue that by adding unused vacation days carried over from one year to the next, they met the requirements of the statute. They also point out that Leesville had a policy of only allowing two years of accumulated leave. They deny that firefighters are entitled to unlimited carry over of vacation days. Therefore, the firefighters who have accumulated vacation days in excess of the

5

minimum required under La.R.S. 33:1996 over two years lose those hours at the beginning of the next year, and Leesville is in compliance with the statute.

Following arguments, the trial court granted summary judgment in favor of the plaintiffs and adopted their accounting of the amount of vacation time current firefighters have accrued and the amount of pay separated firefighters were owed at the time they left the Leesville Fire Department. The trial court's signed judgment sets forth the number of vacation hours each current firefighter is entitled to and sets a money judgment for each of the separated firefighters. Leesville appeals that judgment.

## ASSIGNMENT OF ERROR

Leesville asserts one assignment of error:

1. The trial court erred in including an unlimited "carryover" of unused vacation days in the cumulative amount of vacation owed to Leesville firefighters under La.R.S. 33:1996.

## DISCUSSION

In *American Zurich Insurance Co. v. Caterpillar, Inc.*, 12-270, pp. 4-5 (La.App. 3 Cir. 10/3/12), 99 So.3d 739, 742-43, this court set forth the standard of review for summary judgments:

> On appeal, summary judgments are reviewed de novo. *Magnon v. Collins*, 98-2822 (La. 7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. *Id.* This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). This means that judgment must be rendered in favor of the movant if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party's claim. *Id.* If the opposing party cannot produce any evidence to suggest that he will be able to meet his evidentiary burden at trial, no genuine issues of material fact exist. *Id.*
>
> Material facts are those that determine the outcome of the legal dispute. *Soileau v. D & J Tire, Inc.*, 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied*, 97-2737 (La. 1/16/98), 706 So.2d 979. In

6

deciding whether facts are material to an action, we look to the applicable substantive law. *Id.* Finally, summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2).

"When summary judgment is granted in the context of statutory interpretation, there are no material issues of fact in dispute and the sole issue before us is a question of law as to the correct interpretation of the statute at issue." *Milbert v. Answering Bureau, Inc.,* 13-22, p. 8 (La. 6/28/13), 120 So.3d 678, 684 (citing *Vizzi v. Lafayette City-Parish Consol. Gov't*, 11-2648 (La. 7/2/12), 93 So.3d 1260.) In this case, there is no dispute about the facts. As discussed, the parties entered into stipulations about the applicable facts. The only disagreement is the application of the law to the facts.

In a case discussing La.R.S. 33:1996 and accrual of vacation leave, *New Orleans Firefighters Local 632 v. City of New Orleans*, 00-1921 (La. 5/25/01), 788 So.2d 1166, the supreme court held that a New Orleans Civil Service Commission rule allowing for fewer days of vacation leave than required under La.R.S. 33:1996 must yield to the statute. It found that the lower courts correctly found that the firefighters were entitled to the full annual leave authorized by La.R.S. 33:1996. It also found that the Civil Service Commission had the authority to limit the amount of accumulated leave that could be carried over to the succeeding year:

> Commission Rule VIII, § 1.24 provides that accumulated annual leave shall be carried forward to the succeeding year, but sets a limit on the number of leave days that may be carried forward. The Firefighters contend that this limitation on the accumulation of annual leave days violates La.Rev.Stat. 33:1996, which not only provides for entitlement to a specified number of annual vacation days, but also mandates that "vacation privileges" shall not be forfeited for any cause. The Firefighters argue that this statute permits firemen to accumulate an unlimited number of days of annual leave which may not be forfeited.

> On the other hand, the City contends that La.Rev.Stat. 33:1996 does not address the accumulation of annual leave, but merely awards firemen a minimum number of days of annual leave.

La. Rev. Stat 33:1996 requires that firemen covered by the Act be given "annual vacation" days "with full pay," up to a specified maximum number of days, and prohibits the forfeiture of "vacation privileges ... for any cause." The term "vacation privileges," referring to the statutory guarantee which cannot be forfeited, means that a fireman cannot be denied the right to earn and to use the statutory amount of vacation days earned each year. Moreover, a fireman who is separated from employment in a given year must be paid for the vacation benefits he or she has earned as compensation for services already rendered, even if the fireman was discharged for the most serious cause imaginable. *See Beard v. Summit Institute,* 97–1784 (La.3/4/98), 707 So.2d 1233 (an employer cannot require an employee to forfeit earned wages simply by enacting a policy to that effect).

Commission Rule VIII, § 1.2 does not violate the terms or the intent of the statute. The statutory guarantee is that firemen be allowed to earn and to use a minimum number of vacation days each year. The Rule, while allowing earned vacation days to be carried forward to a succeeding year, simply places a reasonable limitation on the period of time within which earned vacation days must be used. The Rule thus denies a fireman the right to earn vacation days in one year at one salary and then to demand payment for those vacation days fifteen years later at a higher salary, but the Rule does not require forfeiture of earned vacation days which the fireman has been given a reasonable opportunity to use. A ceiling on the number of vacation days a fireman may carry forward is not, in itself, a forfeiture of earned vacation days, unless the fireman was denied the opportunity to use those earned vacation days.

Moreover, the Rule does not violate this court's 1982 decision in *New Orleans Firefighters* [*Ass'n v. Civil Serv. Comm'n of the City of N.O.,* 422 So.2d 402 (La.1982)], which held that enforcement of the statute providing for supplemental salary for firemen in combination with their minimum wages did not conflict with the Civil Service Commission's constitutional rulemaking authority. Nor does the Rule create a labor condition for firemen that is "injurious to the safety and welfare of the public as well as detriment to the health, efficiency and morale of the firefighters," which was a significant concern of the 1982 decision. *Id.* at 412. Indeed, the stockpiling of vacation days not only is a right on which the terms of the statute are silent, but also runs counter to the rest, renewal and recreation purpose of vacation days as an employment practice.

We conclude that La.Rev.Stat. 33:1996 does not either grant or deny firemen the right to carry forward earned vacation days to future years. The statute simply is silent on the issue and therefore is not in conflict, on its face, with Commission Rule VIII, § 1.2.

Nevertheless, the City arguably cannot require work conditions or undermanned schedules for firemen that prevent them from using

their accrued leave each year, as such conduct by the City could constitute an impermissible forfeiture of vacation privileges. Since the matter is presently before us on a summary judgment that we are reversing in part, this issue can be addressed at the trial on the merits.

*Id.* at 1170–71 (footnotes omitted).

The supreme court clearly held that a Civil Service Board or Commission could reasonably limit the number of hours of vacation leave a firefighter could carry over each year. The issue presented in this case is whether there is any rule limiting the hours of accrued vacation leave these plaintiffs are entitled to. The Board's rules are silent as to the  hours of vacation leave that an employee may carry over from year to year. Leesville's employment policy on leave specifically applies only to non-civil service employees. It is undisputed that the plaintiffs in this case are civil service employees. Thus, any limitation adopted by Leesville is inapplicable to these plaintiffs.

We note that the calculations submitted by Leesville fail to recognize that from 2011 through early 2019, the Board's policies continued to allow fewer vacation days than the number authorized by the statute. Thus, the plaintiffs who were separated from service prior to the judgment issued in June 2019 were not afforded the opportunity to take the full number of vacation days allowed by La.R.S. 33:1996. This further supports our conclusion that the calculations submitted by the plaintiffs were correctly accepted by the trial court.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal in the amount of $1,989.06 are assessed against the City of Leesville.

**AFFIRMED.**

9